UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KELLY DENISE GARCIA PEREZ,<br><br>                              Plaintiff,<br>        v.<br><br>JACQUELIN ELIZABETH MONSON,<br><br>                              Defendant. | Case No. 2:24-cv-00754-MMD-MDC<br><br>ORDER |

**I.      SUMMARY**

Plaintiff Kelly Denise Garcia Perez asserts a claim for negligence/negligence *per se* against Defendant Jacquelin Elizabeth Monson after she sustained injuries from an auto accident. (ECF No. 1-1 ("Complaint").) Before the Court are Defendant's motion for summary judgment (ECF No. 23 ("Motion")) and motion for summary judgment regarding Plaintiff's claims for future damages (ECF No. 24 ("Damage Motion")). Plaintiff responded to the Motion but does not oppose the Damage Motion. (ECF No. 25.)[1] For the reasons explained below, the Court will deny the Motion and grant the Damage Motion.

**II.     BACKGROUND[2]**

The auto accident at issue happened on August 2, 2022 on Spring Mountain Road by the on ramp to I-15. (ECF No. 23 at 3.) Defendant was facing west on the right most left turn lane. (*Id.*) Plaintiff was facing east, and on the straight lane facing the intersection. (*Id.*) The accident occurred when Plaintiff traveled through the intersection and hit the right side of Defendant's vehicle as Defendant was making the left turn. (*Id.*)

//

//

---

[1]Defendant filed a reply in support of the Motion. (ECF No. 28.)

[2]The following undisputed facts are taken from the parties' briefs.

**III.    DISCUSSION**

    **A.    Defendant's Motion**

Defendant's Motion presents a straightforward issue of whether Defendant breached a duty of care to Plaintiff. Defendant contends she entered the intersection on a green turning light and the traffic light turned yellow and then red only after Defendant was in the intersection, requiring oncoming traffic like Plaintiff to yield to her. (ECF No. 23 at 5-7.) But Defendant's argument compels the court to draw all reasonable inferences in her favor, contrary to the standard governing summary judgment. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Plaintiff testified that she waited after her light turned green, waited for two cars in the intersection executing left turn to clear, waited for the white delivery truck to pass and the intersection was cleared before she entered the intersection; and she only observed Defendant's vehicle after she had entered the intersection at the moment of impact. (ECF Nos. 25 at 29, 23-3 at 9). Viewing this evidence in the light most favorable to Plaintiff as the nonmoving party and drawing all reasonable inferences in her favor, a rational trier of fact could credit Plaintiff's testimony and find that Defendant must have entered the intersection after Plaintiff proceeded. Such a conclusion would result in a finding that Defendant breached her duty of care. Accordingly, the Court agrees with Plaintiff that there exists a genuine issue of material fact, precluding summary judgment on the issue of Defendant's alleged negligence.

    **B.    Defendant's Damage Motion**

Defendant argues that Plaintiff should be precluded from seeking future damages. (ECF No. 24.) Plaintiff did not respond to the Damage Motion even though she responded to the Motion as to liability. (ECF No. 25.) The Court therefore assumes Plaintiff does not seek future damages. Moreover, on the merits, the Court agrees with Defendant. Defendant has met its burden on summary judgment to show that Plaintiff failed to

disclose in discovery any evidence of future damages, and Plaintiff did not respond, let alone contend that genuine issue of fact exists. Accordingly, the Court grants Defendant's Damage Motion, precluding Plaintiff from seeking future damages.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 23) is denied.

It is further ordered Defendant's motion for summary judgment regarding Plaintiff's future damages (ECF No. 24) is granted.

The Court refers this case to the Magistrate Judge to conduct a settlement conference. The proposed joint pretrial order must be filed within 30 days from the settlement conference, assuming settlement is not effectuated.

DATED THIS 20th Day of February 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE